IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, )<br>    )<br>Plaintiff, )<br>    )<br>    v. )<br>    )<br>SONNY J. PEREZ, and DOES 1-20 )<br>inclusive, )<br>    )<br>Defendants. )<br>    )<br>_____ ) | 1:13-CV-718  AWI JLT<br><br>ORDER REMANDING ACTION TO THE KERN COUNTY SUPERIOR COURT |

    Defendant Sonny J. Perez, who is proceeding pro se, removed this case from the Superior Court of Kern County on May 16, 2013.  See Court's Docket Doc. No. 1.  Defendant asserts that the basis for removal is the presence of a federal question.  Specifically, Defendant contends that he filed that Plaintiffs are in violation of several federal statues, specifically the Truth In Lending Act ("TILA") and the Fair Debt Collections Practices Act ("FDCPA").  Instead of submitting the complaint, Defendant submitted a copy of a judgment from the Kern County Superior Court against him.  The judgment is in an unlawful detainer action.

    A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome,

Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion."  Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose."  California, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that

a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal was appropriate. The evidence before the Court is that the state court case has concluded and involved only a single state law unlawful detainer claim. First, it does not appear that removal was timely. See 28 U.S.C. § 1446(b)(3). Second, as mentioned above, Defendant relies on alleged violations of two federal statutes. Thus, Defendant is attempting to remove this case on the basis of federal defenses. This is improper, as the defensive invocation of either TILA or the FDCPA cannot form the basis of this Court's jurisdiction. See Vaden 129 S.Ct. at 1278; Caterpillar, 482 U.S. at 392; Wayne, 294 F.3d at 1183; California, 215 F.3d at 1014; GMAC Mortg., LLC v. Amaya, 2012 U.S. Dist. LEXIS 168261 (N.D. Cal. Mar. 21, 2012); Aurora Loan Servs., LLC v. Cromwell, 2010 U.S. Dist. LEXIS 136546 (C.D. Cal. Dec. 15, 2010). Because there is no federal question apparent, and because all doubts concerning jurisdiction are resolved against removal, Defendant has failed to invoke this Court's jurisdiction. Remand to the Kern County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Kern County.

IT IS SO ORDERED.

Dated:   May 20, 2013

SENIOR DISTRICT JUDGE